In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by GEORGE H. BRIDGES, Claimant. JOSEPH S. STERLING, Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, May 14, 1941.

*Patrick J. Tierney,* for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the respondent.

*David T. Murray,* for Harry W. Patterson, *amicus curiæ.*

PER CURIAM. Appeal by the alleged employer from a decision of the Appeal Board which determined that he did not conduct a farm and that claimant was not a farm laborer within the meaning of the Unemployment Insurance Law.

Appellant is the owner of a forty-acre farm located at Schuyler Falls. On five acres pens have been built to house and restrain about 3,000 fur-bearing animals, viz., red, white, blue, black, silver, gray and cross foxes, also mink, white raccoon, gray raccoon, muskrats, silver lynx and arctic and timber wolves. The remainder of the farm is used for the maintenance of three cows, the milk being used in part as food for the animals, and to supply other types of food in part for the animals. A smaller tract of land located near Ausable Chasm is also owned by the appellant and during the summer months many of the animals are transferred there and exhibited to paying visitors.

The claimant and four other employees worked upon the farm and at Ausable Chasm caring for and feeding the animals.

The claim concerns the year 1937, and as of that date an employee engaged in " farm labor " did not come within the purview of the statute. A person who was engaged in " the raising, feeding and care of livestock " was by the statute defined as a " farmer " and any one who worked in connection therewith a " farm laborer." It is contended by the appellant that " livestock " includes animals formerly wild, and as substantially all animals now domesticated at one time were wild, and as many of the animals owned by the appellant have been in captivity for twenty-five generations they are included within the general term.

Chapter 669 of the Laws of 1941, effective April 22, 1941, excludes any person engaged in " agricultural labor " which is stated to include " all service performed (1) on a farm in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, train-

ing and management of livestock, bees, poultry and *fur-bearing animals* and wild life."

It is argued with force that this amendment is a clarification of the earlier statutes. Unemployment insurance in this State is a comparatively new sociological experiment; the policy of the Legislature has been to extend rather than to restrict the present limits of the law; therefore, the amendment was not an exclusion of those formerly benefited but rather was an interpretation of the earlier act.

The decision should be reversed on the law and facts, with costs.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur; SCHENCK, J., dissents and votes to affirm.

Decision of the Unemployment Insurance Appeal Board reversed on the law and facts, with costs.